Filed 9/23/20  Dent Mart Internat. v. Eun Hee Dental etc. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| DENT MART INTERNATIONAL, INC., et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>EUN HEE DENTAL LABORATORY, INC., et al.,<br><br>    Defendants and Respondents. | B299970<br><br>Los Angeles County<br>Super. Ct. No. BC664308 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Steven J. Kleifield, Judge. Affirmed.

Lyle R. Mink for Plaintiffs and Appellants.

Allan Calomino for Defendants and Respondents.

_____

# INTRODUCTION

Plaintiff and appellant Dent Mart International, Inc. (Dent Mart) obtained a multi-million-dollar judgment against Hyo Dong Kim in 2013. When Kim subsequently filed for bankruptcy, Dent Mart alleged that Kim owned a company known as Neo Milling Center (Neo Milling). The bankruptcy trustee was unable to confirm that Kim owned Neo Milling. The trustee stipulated, however, that Dent Mart could attempt to establish an ownership interest in state court and distribute any recovered proceeds on a pro rata basis to itself and the other unsecured creditors.

Dent Mart filed the present action seeking a declaration that Kim owned some or all of Neo Milling at the time he filed for bankruptcy. Dent Mart named Kim, respondent Kwang Ho Cho (the purported owner of Neo Milling), and respondent Eun Hee Dental Laboratory, Inc. (the corporation that does business as Neo Milling) as defendants. The court concluded Dent Mart failed to establish that Kim had an interest in Neo Milling and Dent Mart appeals.

During the multi-day bench trial, multiple witnesses testified that Kim transferred his interest in Neo Milling to Cho in 2007 and their testimony was supported by documentary evidence as well as the opinion of the lead forensic accountant hired by the bankruptcy trustee. Dent Mart wholly ignores that evidence on appeal—a strategy that violates the most basic rules of appellate practice. That defect notwithstanding, we address the merits of the appeal and conclude substantial evidence supports the court's judgment. Accordingly, we affirm.

# FACTS AND PROCEDURAL BACKGROUND

## 1. The Corporate Entities

Kim formed Chung Hyun Dental Laboratory in 2000. The company fabricated prosthetic teeth for dentists. At all relevant times, that company did business as Neo Dental Laboratory (Neo Dental).

Kim formed Eun Hee Dental Laboratory in 2003. In 2005, Eun Hee Dental Laboratory began operating as a milling center, manufacturing foundations for prosthetic teeth. At all relevant times, it did business as Neo Milling. Initially, Neo Milling's only customer was Neo Dental and the companies operated at the same location. Neo Dental owned the machine required to operate the milling business.

By the fall of 2007, Neo Milling was not yet turning a profit. Kim considered shuttering the business but ultimately decided to transfer Neo Milling to Cho, so long as Cho had at least $10,000 in operating capital. Cho agreed. No money was exchanged and Kim considered the transfer to be a gift. In September 2007, Kim told his accountant about the transfer of Neo Milling to Cho and asked him to file paperwork with the state reflecting the change in ownership. The company's subsequent tax returns, information statements, and business licenses listed Cho as the sole owner.

## 2. The 2014 Judgment Against Kim

In 2012, Dent Mart filed a lawsuit (the 2012 litigation) against Kim and others (collectively, the defendants) alleging that the defendants engaged in unlawful competitive conduct. The complaint asserted claims for breach of contract, intentional and negligent interference with prospective economic advantage,

3

unfair competition, and unjust enrichment. A jury found in favor of Dent Mart on the intentional interference claim and, with respect to Kim, awarded $1,221,547 in compensatory damages, $1,154,000 in punitive damages, postjudgment interest, and costs of suit. The court entered the final judgment in Dent Mart's favor on January 21, 2014.

3.     **Kim's Bankruptcy; Dent Mart's Stipulation With The Trustee**

Kim filed for bankruptcy in February 2014. Neo Dental was later sold by the bankruptcy trustee. Although Kim did not include Neo Milling as an asset in his initial bankruptcy schedules, he claimed an interest in the company on one of his amended schedules, stating "Eun Hee Dental Laboratory, Inc. [While Debtor is not a shareholder, Debtor believes he has an equitable ownership pursuant to an unwritten agreement between the Debtor and current sole shareholder that any net profits will be shared 50/50. However, company has had no profits since formation in 2003.]" Dent Mart, seeking to secure its judgment, alleged a unity of interest between Neo Dental and Neo Milling.

The bankruptcy trustee hired a forensic accounting firm to inspect the books and records of Neo Milling and Neo Dental in order to determine whether Kim had any interest in Neo Milling. After a lengthy investigation, however, the accountants were unable to confirm that Kim had any interest in Neo Milling. In light of that outcome, the trustee was prepared to abandon any theoretical interest in Neo Milling back to Kim. But Dent Mart's counsel represented to the trustee that he was knowledgeable about Neo Milling and was well situated to investigate and recover any value from Kim's alleged interest in Neo Milling.

4

With the approval of the bankruptcy court, the trustee then stipulated to transfer "all of the Estate's right, title and interest in [Neo Milling]" to Dent Mart so that Dent Mart could attempt to recover additional funds on behalf of itself and the other unsecured creditors.

4.      **Proceedings Below And The Appeal**

Dent Mart filed the present action seeking declaratory relief regarding the ownership of Neo Milling and named Kim, Cho, and Eun Hee Dental Laboratory as defendants. Kim defaulted, leaving Cho and Eun Hee Dental Laboratory to defend the action.

According to Dent Mart, Kim testified that he owned Neo Milling during the 2012 litigation but concealed that interest during the early bankruptcy proceedings in order to protect it. Kim's prior testimony conclusively established that he owned Neo Milling, Dent Mart claimed, and the company therefore became part of the bankruptcy estate. Dent Mart further alleged that the stipulation with the trustee "effectively made Dent Mart the sole shareholder of [Neo Milling]."

The court conducted a bench trial and heard testimony from, among others, Kim, Kim's accountant, Cho, and one of the forensic accountants hired by the bankruptcy trustee. The court also received a substantial amount of documentary evidence concerning the business operations of Neo Dental and Neo Milling. Ultimately, the court concluded that Dent Mart failed to establish that Kim had an interest in Neo Milling at the time he filed his bankruptcy petition.

Dent Mart timely appeals.

5

# DISCUSSION

## 1. Standard of Review; Appellant's Burden on Appeal

Before reaching the merits of this appeal, we consider several preliminaries.

Dent Mart suggests that we should review the court's decision in this case independently. Well-settled law is to the contrary. " ' "When a trial court's factual determination is attacked on the ground that there is no substantial evidence to sustain it, the power of an appellate court begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which will support the determination, and when two or more inferences can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court. If such substantial evidence be found, it is of no consequence that the trial court believing other evidence, or drawing other reasonable inferences, might have reached a contrary conclusion." [Citation.] The substantial evidence standard of review is applicable to appeals from both jury and nonjury trials. [Citation.]' [Citation.]" (*Whitney v. Montegut* (2014) 222 Cal.App.4th 906, 912, italics omitted.)

Several foundational principles of appellate law guide our review. The most fundamental rule of appellate review is that the judgment or order challenged on appeal is presumed to be correct, and "it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) " 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) To overcome this presumption, an appellant

6

must provide a record that allows for meaningful review of the challenged order. (*Ibid*.) In addition, "an appellant must present argument and authorities on each point to which error is asserted or else the issue is waived." (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 867.) Matters not properly raised or that lack adequate legal discussion will be deemed forfeited. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655–656.)

Dent Mart largely fails to apply these well-settled principles. In addition to applying the incorrect standard of review, Dent Mart's legal contentions are barely discernable. We address below those arguments we were able to identify.

Finally, and of greatest concern, Dent Mart fails to present the evidence in the light most favorable to the judgment, as is required. A party who contends that a particular finding is not supported by substantial evidence is obligated to set forth in his or her brief all the material evidence on the point, not merely the party's own evidence. (*Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, 1657–1659.) Facts must be presented in the light most favorable to the judgment (*id*. at pp. 1657–1658), and the burden on appellant to provide a fair summary of the evidence " ' "grows with the complexity of the record. [Citation.]" ' " (*Myers v. Trendwest Resorts, Inc*. (2009) 178 Cal.App.4th 735, 739; see Cal. Rules of Court, rule 8.204(a)(1)(C) [briefs must support any reference to a matter in the record with a citation to the record]; rule 8.204(a)(2)(C) [appellant's opening brief must "[p]rovide a summary of the significant facts limited to matters in the record"].) The appellant waives a claim of lack of substantial evidence to support a finding by failing to set forth, discuss and analyze all the evidence on that point. (*Foreman &*

*Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881 [error is deemed to be waived]; *Myers*, at p. 749.)

Dent Mart mentions little, if any, of the evidence that supports the court's judgment—an approach that borders on deception. We could treat the substantial evidence issue as forfeited or waived and simply presume the record contains evidence to sustain every finding of fact. (See *Arechiga v. Dolores Press, Inc.* (2011) 192 Cal.App.4th 567, 571–572 [appellant ignored fundamental rule of appellate practice obligating him to fairly and completely summarize evidence supporting the judgment]; *Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218 [issue forfeited where party did not fully and fairly discuss conflicting evidence].) But because Dent Mart's arguments are easily addressed, we discuss them briefly.

## 2.  Dent Mart failed to establish that Kim owned Neo Milling at the time he declared bankruptcy.

As noted *ante*, Kim, Kim's accountant, and Cho all testified that Kim transferred ownership of Neo Milling to Cho in the fall of 2007. The transfer request was contemporaneously documented in a facsimile from Kim to his accountant. And the company's tax returns, statements of information, and business licenses uniformly state that Cho was the president and sole owner of Neo Milling beginning in 2007.

Notwithstanding this evidence, Dent Mart claims that Kim owned some, or perhaps all, of Neo Milling at the time he declared bankruptcy in 2014. Several equitable doctrines exist that could allow a court to disregard a corporate form or reach corporate assets where recognizing the corporate form yields unjust results: constructive trust, equitable estoppel, alter ego,

8

and piercing the corporate veil are the most common theories. But Dent Mart did not invoke any of these doctrines below[1] and does not do so in this appeal.

Instead, Dent Mart insists that no transfer of corporate ownership took place as a matter of law. Dent Mart articulates its argument as follows: "Here, there is no evidence that Kim delivered any share certificate in [Neo Milling] to Cho. Indeed, … the accountant[ ] testified there was no share certificate. Therefore, there could be no delivery of a certificate to defendant Cho. Since stock ownership depends on the stock certificate (54 Cal.2d at 676; 93 Cal.App.2d at 702), and since a certificate was never endorsed and delivered to Cho, Cho never became the owner of [Neo Milling]. Instead, ownership remained in Hyo Dong Kim from 2004 until May 11, 2016, when the bankruptcy court transferred his interest in [Neo Milling] to Dent Mart. Thus, on May 11, 2016, Dent Mart received a 100% ownership interest in [Neo Milling]."

The flaws in this argument are myriad. We address only three. First, Dent Mart did not pursue this legal theory below. An appellate court ordinarily will not consider arguments made for the first time on appeal where it deprives the trial court and the parties of the opportunity to develop the necessary facts in the first instance. (*Ward v. Taggart* (1959) 51 Cal.2d 736, 742.) Second, and as to the merits of Dent Mart's argument, a corporation is not required to issue stock certificates. (Corp. Code,

---

[1] Indeed, the legal basis of Dent Mart's case was so unclear below that the judge asked Dent Mart to identify the applicable legal principles at the outset of the bench trial. In its written response, Dent Mart suggested the court could apply "any state law that the court might find useful in deciding the issue."

§ 416, subd. (b).) Rather, *if* a corporation issues stock certificates, a corporate shareholder is entitled to a stock certificate upon request. (*Id.*, § 416, subd. (a).) The cases cited by Dent Mart do not hold, as it claims, that "stock ownership depends on the stock certificate." Instead, the cases cited by Dent Mart explain that under the former Uniform Stock Transfer Act, *if* a stock certificate had been issued for certain shares, a corporation could not be compelled to issue a second certificate for those same shares unless and until the first certificate was returned to the corporation. (See *Reynolds v. Reynolds* (1960) 54 Cal.2d 669, 680–682 [explaining that "[t]he theme of the Uniform Stock Transfer Act, both in its original form and as adopted in California, is negotiability of the certificates; and this cannot exist unless there is only one certificate for given shares, carrying with it the ownership of the shares themselves"].) Third, and in any event, even if we applied Dent Mart's suggested rule—that stock ownership depends on possession of a stock certificate—it would defeat Dent Mart's claim because no stock certificates were ever issued to Kim.

Alternatively, Dent Mart claims that Kim's ownership of Neo Milling is irrefutable as a factual matter. In this regard, Dent Mart relies on two things: Kim's testimony in the 2012 litigation and this court's opinion affirming the judgment in that case. Again, Dent Mart's reliance is misplaced. Kim's prior trial testimony was offered to impeach Kim's testimony in this case to the effect that he transferred ownership of Neo Milling to Cho in 2007. To the extent Kim's prior testimony impacted the court's assessment of Kim's credibility on that point, we defer to the trial court. (See, e.g., *In re Stephanie M.* (1994) 7 Cal.4th 295, 318 [appellate court may not substitute its assessment of the

credibility of a witness in place of the credibility assessment of the trial court].) In any event, and as the court noted, Kim's prior trial testimony was not admitted for its truth against Cho or Neo Milling and Dent Mart has not challenged that evidentiary ruling in this appeal.

As noted, Dent Mart also claims that the judgment in the 2012 litigation and this court's opinion affirming that judgment conclusively established that Kim owned Neo Milling in 2014. It is impossible to determine based on the record in this case exactly what factual issues were litigated and decided in the 2012 litigation. And to the extent Dent Mart implies that principles of collateral estoppel should govern, it has not developed that legal argument. It appears, however, that neither Cho nor Neo Milling was a party to the 2012 litigation and their interests are plainly not aligned with Kim's on the issue of corporate ownership. (See *Nein v. HostPro, Inc.* (2009) 174 Cal.App.4th 833, 845–846 [" ' " 'In the context of collateral estoppel, due process requires that the party to be estopped must have had an identity or community of interest with, and adequate representation by, the losing party in the first action as well as that the circumstances must have been such that the party to be estopped should reasonably have expected to be bound by the prior adjudication' " ' "].)

## DISPOSITION

The judgment is affirmed. Respondents Eun Hee Dental Laboratory and Kwang Ho Cho shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

EGERTON, J.